UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GHODRATOLLAH K. FARAHANI | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | | |
| v. | | Civil Action No. 10-10682-LTS |
| MICHAEL ASTRUE, Commissioner of the Social Security Administration, in his official capacity, and SOCIAL SECURITY ADMINISTRATION | | |
| Defendants. | | |

ORDER ON DEFENDANT'S MOTION TO REMAND AND DISMISS THE COMPLAINT

November 18, 2010

SOROKIN, M.J.

The Defendants, the Social Security Administration (SSA) and Michael Astrue (the SSA's Commissioner), have moved to remand Count One of the Complaint and to Dismiss All Remaining Counts for Lack of Subject Matter Jurisdiction (Docket #13). The motion is ALLOWED.

The pro se plaintiff, Ghodratollah Farahani, seeks declaratory and retroactive and/or prospective injunctive relief in his five-count Complaint. Docket #1. In Count One, Farahani seeks a reversal of the Commissioner's decision regarding the amount of Supplemental Security Income (SSI) benefits to which Farahani is entitled. Id. Farahani also seeks costs and attorney's fees and demands any other equitable relief the Court may grant. Id. The Government requests

-1-

that the Court remand count one to the Appeals Council so that the Appeals Council may issue a remand to the Administrative Law Judge ("ALJ").  Docket #14.

There are two types of remands under 42 U.S.C. § 405(g) – Sentence Four Remands[1] and Sentence Six Remands.[2]  Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991).  In a Sentence Four Remand, the Court affirms, modifies, or reverses the decision of the Commissioner, whether or not it remands the action.  Id.  In a Sentence Six remand, the Court "does not affirm, modify, or reverse the Secretary's decision," but rather retains jurisdiction and remands either before the Commissioner has filed an Answer or where "new, material evidence is adduced that was for good cause not presented before the agency."  Shalala v. Schaefer, 509 U.S. 292, 297, n.2 (1993).  Under a Sentence Six remand, the District Court retains jurisdiction until the ALJ reconsiders the action and reports to the court.  Tyler v. Fitzsimmons, et al., 990 F.2d 28, 31 (1st Cir.1993).

---

[1] Sentence four provides that, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).

[2] Sentence six provides that, "[t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based."  42 U.S.C. § 405(g).

Although the Government asks the Court for a remand under Sentence Four (See Docket #14) the Government has not filed an Answer and has not asked the Court to amend, modify, or reverse the decision below. Accordingly, the Court will treat the Government's request as a request for a Sentence Six Remand. The Court will retain jurisdiction and allow the ALJ to reconsider its decision. In addition, for the reasons stated below, the Court will dismiss counts Two through Five.

I.   PROCEDURAL HISTORY AND FACTUAL BACKGROUND

In late February, 2008, Farahani applied for SSI benefits. Transcript ("Tr."), at 66-69. Farahani was mailed a copy of his Application Summary which stated: "I do not get help or money from any person not living with me or any agency to pay for food, rent, mortgage payments, property insurance, property taxes, heating fuel, gas, electricity, garbage removal, water or sewerage . . . I rent the home where I live. The rent is $1,000.00 monthly . . . I do not expect these arrangements to change." Id. at 16. Farahani does not dispute the contents of the Application Summary. Farahani also submitted a Landlord Verification sheet, signed on March 1, 2008 by Irene Aromin, Farahani's landlord and ex-wife. Id. at 22. On the Landlord Verification sheet, Aromin stated that Farahani was behind on rent. Id.

On August 26, 2008, Farahani was asked to attend a hearing before the SSA and, as he left the hearing, he was handed a "Review Statement Summary," a document which is almost identical to the Application Summary. Id. at 70. The Review Statement Summary instructs an applicant to review the summary and contact the SSA if they disagree with any of the statements within ten days. Id. at 24. The Review Statement Summary, unlike the Application Summary, states, "I receive rent-free housing worth $1,000.00 from Irene Aromin . . . I am supposed to

be paying my ex spouse 1000.00 per month for rent.  I have not paid her any money since I applied for SSI benefits." Id. at 25.  Farahani did not read the Review Statement Summary right away and did not inform the SSA within ten days that he disagreed with the Review Statement Summary.  Docket #1.  The Government states that on "August 26, 2008, Plaintiff stated that he was receiving 'rent-free housing worth $1,000.00' from his ex-wife." Docket # 14, n.2.  Farahani adamantly denies that he told the SSA that he received rent-free housing.  Tr. at 70, 73.

In late October 2008, Farahani received a letter from the SSA explaining in detail that the amount of SSI benefits he was eligible for was based, in part, on his living arrangements.  Id. at 32.  The letter also explained that "[t]he food or shelter [Farahani] got from someone," was considered a type of income.  Id. at 33.  The SSA believed Farahani rental agreement with Aromin was income in the form of food or shelter and valued it at $232.33.  Id. at 33.  Pursuant to the regulations governing SSI benefits, the amount Farahani benefits was reduced because of the income he received, presumably under the "presumed value rule."[3]  Id. at 13.

In November, 2008, Farahani moved for reconsideration and provided the SSA with a letter from Aromin.  Id. at 46.  In the letter, Aromin stated that Farahani was occupying one room of her house and agreed to pay Aromin $400.00 per month for that room.  Id.  Aromin also

---

[3] According to the ALJ decision, in-kind support and maintenance is valued under "the one third reduction rule," or "the presumed value rule." Tr., at 13.  "The 'one third reduction rule' applies if the individual is living in the household of another person who provides you with both food and shelter . . .  The 'presumed value rule' applies in all other situations involving in-kind support and maintenance in which [the SSA] 'presume[s]' that it is worth a 'maximum value' which is one third of [the applicant's] Federal benefit rate plus . . . $20.00." Id.  Farahani does not live with Aromin, and according to the letter from the SSA to Farahani in October 2008, the fact that $20.00 was not counted in Farahani's reduction indicates that Farahani's benefits were reduced under the presumed value rule and not the one third reduction rule. Tr., at 43.  Farahani does not believe that his benefits should have been reduced by any amount.

stated that although Farahani defaulted on his rental obligations, because of the relationship between Farahani and his son (who is also Aromin's son), Aromin chose not to evict Farahani. Id. Aromin noted that she expected Farahani to pay his past rent and that, "under no condition I ever gave any free rent to [Farahani]." Id. Reconsideration was denied in December 2008. Id. at 52.

In February 2009, Farahani requested a hearing by an ALJ. Id. at 57. Farahani believed that the SSA's determination of his income was subjective and arbitrary and not supported by any evidence. Id. at 57, 59. Facing eviction, Farahani waived his right to a hearing in front of the ALJ and instead prepared and submitted a memorandum of law. Id. at 65, 67. In his memorandum of law, Farahani stated that he had a rental agreement with Aromin to pay $400.00 per month for the one room he rented in Aromin's house. Id. at 69-71. Farahani reiterated that he had never stated that he received free rent and, therefore, those facts precluded him from a one third reduction of his SSI benefits. Id. at 71-72.

The ALJ found that Farahani's statement that he had a rental agreement with Aromin was "not credible and inconsistent with the evidence of record viewed as a whole," and noted that Farahani had "consistently either paid his rent late or not at all during the period from February 2008 and continuing." Id. at 13. The ALJ considered the fact that Farahani was being evicted as evidence that Farahani's promise to pay rent to Aromin was not credible. Id.

The ALJ explained in her decision that Farahani's unearned income was considered in-kind support and maintenance, which is generally valued at its current market value and sometimes reduces the amount of SSI benefits one receives. Id. at 12. The applicable regulation states that a person is not receiving in-kind support and maintenance in the form of room or rent

if they "are paying the amount charged under a business arrangement . . . [which] exists when the amount of monthly rent required to be paid equals the current market rental value." 20 C.F.R. § 416.1130(b).  The record contains information regarding the proposed market rents for existing housing in Rehoboth, MA for 2009.  Id. at 56.  Farahani states that the $400.00 he paid for one room was "more than a fair value," since the market value of the house was $956.00 in 2009.  Id. at 55-56, 74.

II.   DISCUSSION

  A.   Count One is Remanded to Social Security

The Government has suggested in the initial brief in support of its motion a remand of Count One to the ALJ for further development concerning whether Farahani received in-kind support or whether Farahani and Aromin had a business arrangement.  Docket #14.  The Government stated that "[t]he Appeals Council agrees to accept a remand," and that the ALJ "will be instructed to consider whether the Plaintiff and Aromin have a business arrangement . . .[and] to look to SSA's Program Operations Manual for guidance concerning whether Plaintiff is receiving rent-free shelter, and how to consider rental liability."  Docket #14.  The Government requests remanding, not reversing, the Commissioner's decision because Farahani has "not made *a clear* case that he is receiving no in-kind support."  Id. (emphasis added).

In a second memorandum written in Support of its motion, the Government, in explaining why an Answer was unnecessary here, "*concedes error by the ALJ and explains how the error is to be rectified* when the case is sent back to the ALJ."  Docket #21 (emphasis added).  The Government stated that, "[b]ecause the validity of [the Plaintiff's] claim is unclear, he is not now entitled to full benefits – *although such an order may issue later, after the case is remanded and*

*the ALJ follows the directions cited on pages 5-6 of the Commissioner's principal brief.*"[4] Id. (emphasis added).

Farahani believes that he is entitled to full SSI payments and claims that there is nothing in his record that justifies a reduction. Docket #1. Despite the fact that Farahani defaulted in paying some rent to his ex-wife, he claims that because he never received rent-free housing, the SSA is precluded from classifying his housing arrangement as in-kind support and maintenance.

In light of the Government's conceded errors, the Court will retain jurisdiction and issue a Sentence Six remand to allow the ALJ to revise its decision. It is ORDERED that the Commissioner shall issue a revised decision within sixty days.

B.  The Court Will Dismiss Counts Two through Five

In Counts Two through Five, Farahani claims generally that the SSA's policy of reducing some disabled applicants' SSI benefits by one-third is "a form of disguised discrimination" in violation of the Rehabilitation Act and the First and Fourteenth Amendments. Docket #1. Farahani claims that SSA's discrimination caused him significant emotional distress in the form of headaches, depression, pain, suffering, and poverty. Id.

Specifically, Count Two alleges that the SSA's "routine internal claims handling policy of reducing one third of SSI payment to eligible disabled applicants" violates Section 504 of the Rehabilitation Act and the First and Fourteenth Amendments to the Constitution. Id. Count Three alleges that the same reduction policy violates Section 12132 of Title 42 which prohibits discrimination by reason of disability. Id. Count Four claims that the ten month period taken by the Appeals Council of the SSA to review Farahani's claim violates his rights to access to the

---

[4] See the preceding paragraph.

"Appeals Court" for a speedy adjudication. Id. Finally, Count Five alleges that the SSA violated duties of good faith and fair dealing in the course of handling his claim, duties which arise from a variety of sources, according to the Complaint. Id. Pursuant to these counts, Farahani seeks declaratory, injunctive and monetary relief. Farahani purports to bring these claims on behalf of himself and similarly-situated SSI claimants.

 Motion to Dismiss Standard

 To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court "must accept all well-pleaded facts alleged in the Complaint as true and draw all reasonable inferences in favor of the plaintiff." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). This "highly deferential" standard of review "does not mean, however, that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized." United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir. 1992). Dismissal for failure to state a claim is appropriate when the pleadings fail to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)) (internal quotation marks omitted). The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Iqbal, 129 S.Ct. at 1949. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. The Court's assessment of the pleadings is "context-specific," requiring "the reviewing court to draw

on its judicial experience and common sense." Maldonado v. Fontanes, 568 F.3d 263, 269 (1st Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id.

Exhaustion and Subject Matter Jurisdiction

Counts Two through Five suffer from several legal deficiencies which warrant allowance of the Defendants' Motion to Dismiss. First, insofar as Farahani seeks benefits based upon the violations of law alleged in these counts, he must exhaust his administrative remedies prior to seeking judicial review.[5] See, e.g., H.E.A. of Mass., Inc. v. Bowen, 685 F. Supp. 13, 14 (D. Mass. 1987) (noting that exhaustion of administrative remedies is a required prerequisite to judicial review of agency decisions).

Second, Section 405(g) is "the sole avenue for judicial review of all 'claim[s] arising'" under the statute, Heckler v. Ringer, 466 U.S. 602, 615 (1984), as it provides that "[n]o action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 . . . to recover on any claim arising under this subchapter." 42 U.S.C. § 405(h). In short, to bring the claims Farahani alleges, he must advance both a waiver of sovereign immunity and a cause of action to vindicate the alleged deprivation of rights; he has advanced neither. Notably, the general complaints he advances are cognizable before the SSA and on appeal from any adverse decision from the SSA. Thus, contrary to his assertion, his complaints – that the SSA violates the Constitution through its policies and

---

[5] While there are certain limited exceptions to the exhaustion requirement, Doyle v. Sec. of Health and Human Services, 848 F.2d 296, 299-300 (1st Cir.1988), no such exceptions are applicable here, especially where the question of whether the reduction imposed by SSA was improper is not yet resolved.

procedures, move cases too slowly, or discriminates against individuals with disabilities by its policies or procedures – may be raised in the administrative context.

Third, the law is well-settled that under the doctrine of sovereign immunity, the United States (including its various branches, departments, and agencies) enjoys immunity from suit except in those instances in which it has expressly consented to be sued.  See FDIC v. Meyer, 510 U.S. 471, 475 (1994);  United States v. Testan, 424 U.S. 392, 399 (1976).  A waiver of this immunity may never be implied from the factual circumstances of the particular case.  Rather, the waiver must be unequivocally expressed in each instance.  See United States v. Nordic Village, Inc., 503 U.S. 30, 33-34 (1992);  United States v. Mitchell, 445 U.S. 535, 538, (1980).  Beyond, § 405, Farahani cites no such waiver.

III.    CONCLUSION

For the foregoing reasons, the Defendants' Motion to Remand Count One of the Complaint and to Dismiss All Remaining Counts for Lack of Subject Matter Jurisdiction (Docket # 13) is ALLOWED.   It is ORDERED that the Commissioner shall issue a revised decision on the claim for benefits within sixty days of this Order.

          /s/ Leo T. Sorokin  
          LEO T. SOROKIN  
          United States Magistrate Judge